Metcalf), note 1; *Doddington's Case,* 2 Co. 33; *Skipworth* v. *Green,* 8 Mod. 311; 1 Stra. 610.

(3) Counsel for the appellee denied that 1 Greenl. Ev. s. 26, sustains the appellant's position; and cited 1 Greenl. Ev. ss. 204 to 210, and notes. In note 2 to s. 204, the general rule, as laid down by Lord DENMAN, in *Pickard* v. *Sears,* 6 Ad. & El. 469, is quoted as follows: "Where one, by his words or conduct, wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter, a different state of things as existing at the same time." To the same effect is, also, *Cowles* v. *Bacon,* 21 Conn. R. 451.

---

THE TRUSTEES OF HARMONY TOWNSHIP *v.* OSBORNE and Others.

Township trustees cannot levy a tax to build a *township house;* but they may levy a tax to build a school-house; and they may use the house, or part of it, for township purposes.

Wednesday, November 25.

APPEAL from the *Union* Circuit Court.

STUART, J.—*Osborne* and others, on behalf of themselves and other citizens of *Harmony* township, filed their complaint against *Templeton* and others, trustees of the township, and the county treasurer, to enjoin them from the collection of a tax assessed by them for building a township house, in which to do township business and hold elections. The trustees answered; demurrer to the answer sustained; and the injunction against collecting the tax made perpetual. The trustees excepted and appeal.

The complaint alleges that the trustees levied a property tax of 13 and one-half cents on the 100 dollars, to build a township house; that the contract for the building has been let; that the house is to be forty feet by twenty-four feet, and will cost about 700 dollars; that such house is too large for the purpose, and costs twice as much as there is any necessity for expending; that as soon as the levy was known, a large majority of the legal voters of the

Nov. Term,
1857.

THE TRUS-
TEES, &c.
v.
OSBORNE.

township remonstrated, and requested a township meeting to be called on the subject, &c. It is further complained, that the real purpose and intention of the trustees in building said house, is not simply for township purposes, "but to make thereof a school-house for said township for the use of common schools," &c.

Demurrer to the complaint overruled, and the opinion excepted to.

The trustees answer that the township owns a parcel of land (which is described) near the centre thereof; that the trustees being unable, either for favor or hire, to procure a suitable house at or near the centre for holding elections and transacting township business, did, at a regular meeting of the board, levy the tax complained of, for the purpose of building a house for the uses aforesaid, and let the contract to a competent workman, to be completed, &c., for 590 dollars; that the work was to be completed on, &c.

The plaintiffs demurred, assigning for cause that the answer did not state facts sufficient to bar the relief sought. The Court sustained the demurrer; and on the defendants' refusing to amend, made the injunction perpetual.

The demurrer to the complaint, as well as that to the answer, raises the same question, viz., the power of the trustees to levy the tax for the purpose alleged. If the trustees have such power, the Court erred in overruling the demurrer to the complaint, as well as in sustaining the demurrer to the answer.

It is not contended that there is any irregularity in assessing the tax; nor, if the trustees had the power to assess for that purpose, is it contended that the tax is excessive. The whole question turns on the right of the trustees to assess any tax for any such purpose.

Under the Revised Statutes, the township trustees have a variety of duties. They may cause bridges to be erected. 1 R. S. pp. 201, 202. They may authorize township roads (1 R. S. p. 313), or vacate them. *Id.* p. 314. They are overseers of the poor. *Id.* p. 401. As school trustees, they have control of the educational affairs of the township. The township is a *quasi* corporation, for civil and munici-

Nov. Term,
1857.

THE, TRUS-
TEES, &c.
v.
OSBORNE.

pal purposes; and the trustees are the officers or executive power of the corporation. 1 R. S. p. 495. They are also the financial agents of the township, with power to assess and collect taxes.

This is but a general outline of their varied duties. In their details, they involve much labor and complication. It is surely not too much to presume that they would find it necessary to have books and papers, and a place to keep them safely. It seems equally clear that such a body would need some place to meet to consider and deliberate upon the best mode of discharging the many important and delicate duties devolved upon them.

Besides their own meetings as a corporation, there are various meetings of the inhabitants of the township. It is alleged in the answer, and admitted by the demurrer, that the trustees are unable to hire a suitable place for such purposes. Under such circumstances, was *it* proper, and had they the power, to erect a house for the use and convenience of the township?

Now, the difficulty is, that this posture of affairs must have been as apparent to the legislature as to the judiciary. Had the legislature intended the trustees of the townships to exercise the power of taxation in that behalf, they would, have clothed them with authority. to do so. If such power is not expressly given, we must presume that it was not intended; and however advantageously it might be exercised, we cannot in such circumstances imply it. The people of the townships must hold their meetings and elections as they best can, until the legislature confer further authority on the trustees.

But the complaint also alleges that the building, the erection of which is complained of, was erected for the use of common schools. If this be so, then the injunction must be dissolved; for we have already decided that the townships have a right to raise funds by taxation for the erection of school-houses, and to repair and furnish them. Laws of 1855, p. 162, s. 9 (1). For this purpose, within the limits there imposed, the power of the trustees to levy the tax in question is complete.

While, therefore, a majority of the Court are of opinion that the trustees have no power to levy a tax to build a township house, as it is called, we are unanimous that they have the power to raise funds by taxation to build a school-house. And such school-house the trustees may use, as is the common practice of the country, for holding elections, and for all other township purposes; or they may appropriate a part of it for that purpose.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to the parties to amend.

*J. Yaryan*, for the appellants.

*C. H. Test, J. S. Reid* and *G. W. Julian*, for the appellees.

(1) See *Adamson* v. *The Auditor, &c., ante,* 174. See, also, *Quick* v. *Whitewater Township,* 7 Ind. R. 570; The same v. *Springfield Township, id.* 636; *Greencastle, &c.* v. *Black,* 5 *id* 557; *Jenners* v. *The City of Lafayette,* in vol. 10 of these Reports.